862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry M. COOLEY, Plaintiff,
v.
UNITED LABORATORIES OF AMERICA INC, a Texas Corporation,
Defendant-Appellee,
and
Bill J. Sparks, Individually and as President of United
Laboratories of America Inc., John Forbes, Individually and
as Vice President and Marketing Director of United
Laboratories of America Inc., Anthony R. Bowling,
Individually and as Agent and Employee of United
Laboratories of America Inc., Defendants,
v.
James H. GILBERT, Third Party Defendant-Appellant.
 No. 87-3179.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1988.
Decided Oct. 28, 1988.
 
 James H. Gilbert, appellant pro se.
 Barry Bach, Ronald Gordon Dawson, Smith, Somerville, & Case, for appellee.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this diversity action, James H. Gilbert appeals from the district court's grant of summary judgment on his third party counterclaim alleging fraud, conspiracy to defraud, negligent misrepresentation and breach of contract on the part of United Laboratories of America, Inc. (United). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The district court, applying the Maryland rules of collateral estoppel, held that Gilbert was precluded from asserting his fraud, conspiracy to defraud, and negligent misrepresentation claims because they had been raised previously and rejected on the merits in Gilbert v. Bach, C/A No. 85-3114 (D.Md. Oct. 29, 1986). While we agree that Gilbert is precluded from relitigating these issues, our analysis is somewhat different from the district court's.
 
 
 3
 Because Gilbert is attempting to relitigate claims which had previously been adjudicated based on the same cause of action, we believe that this case is more properly analyzed under the doctrine of res judicata, or claim preclusion, than the doctrine of collateral estoppel. See 18 C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure Sec. 4402, at pp. 6-7 (1981). Also, because the judgment to be given preclusive effect was that of a federal court, the federal, rather than state, rules of res judicata should apply, especially since the application of the rules in this instance does not touch upon an important question of state law. Harnett v. Billman, 800 F.2d 1308 (4th Cir.1986), cert. denied, 55 U.S.L.W. 3643 (U.S. Mar. 23, 1987) (No. 86-1221).
 
 
 4
 Res judicata provides that "a judgment on the merits [in a prior suit] bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979); Nash County Board of Education & Biltmore Co., 640 F.2d 484, 486 (4th Cir.), cert. denied, 454 U.S. 878 (1981). When this test is applied to the instant action, it is clear that the judgment in Bach precludes Gilbert from reasserting his claims of fraud, conspiracy to defraud, and negligent misrepresentation.
 
 
 5
 There is no doubt that the litigation in Bach involved the same parties now before the Court. It is equally clear that Bach resulted in a final judgment on the merits. Finally, the claims of fraud, conspiracy to defraud, and negligent misrepresentation raised in Bach were identical to the claims Gilbert raised in this action. Gilbert was, therefore, barred under the doctrine of res judicata from relitigating these claims in this action and, accordingly, summary judgment was properly granted in favor of United.
 
 
 6
 Regarding the remainder of Gilbert's claims, we affirm on the reasoning of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED.